9 F.3d 116
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bernard CRAWFORD, Plaintiff-Appellant,
v.
Jack COWLEY, Warden, Defendant-Appellee.
 No. 93-5013.
 United States Court of Appeals, Tenth Circuit.
 Nov. 3, 1993.
 
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Bernard Crawford appeals from an order of the district court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. We grant Mr. Crawford's request for a certificate of probable cause and affirm.
 
 I. Background
 
 3
 Mr. Crawford was convicted in Oklahoma state court of first degree burglary and first degree rape and was sentenced to 135 years imprisonment. After the Oklahoma Court of Criminal Appeals affirmed his conviction on direct appeal, Mr. Crawford filed a request for post-conviction relief which was denied. Pursuant to 28 U.S.C. 2254, Mr. Crawford then filed a petition for a writ of habeas corpus in federal court. The matter was referred to a magistrate judge, and after review the district court adopted the magistrates report and recommendation to deny Mr. Crawford's request for federal habeas relief. This pro se appeal followed.
 
 II. Discussion
 
 4
 Mr. Crawford contends on appeal that the district court erred in denying his petition for a writ of habeas corpus. We disagree. Mr. Crawford raised three issues of error which were not raised on direct appeal. The Supreme Court has held that federal habeas review is precluded when an issue has been defaulted in state court on "an independent and adequate" state procedural rule unless cause and prejudice is shown. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). In this case, Mr. Crawford's failure to raise these issues in his direct appeal is a procedural default and these claims are barred because Mr. Crawford has failed to satisfy the "cause and prejudice" standard for federal habeas review. With respect to the other claims in his petition, we agree with the district court that Mr. Crawford has not met the standard to show ineffective assistance of counsel nor was the district court's failure to provide him with an expert a violation of his constitutional rights. Finally, we agree with the district court that Mr. Crawford was afforded a full and fair opportunity to litigate his Fourth Amendment claim and therefore this claim is barred by Stone v. Powell, 428 U.S. 497 (1976). We conclude that Mr. Crawford has failed to state any ground for federal habeas relief. We AFFIRM the district court for substantially the reasons given in the district court's order and in the reports and recommendations of the magistrate judge. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3